**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN BROWN,<br><br>Plaintiff,<br><br>v.<br><br>DEVELOPMENT SERVICES GROUP, INC., OLIVE STREET PARTNERS, LLC, TRIVERS ASSOCITAES, INC., and PARIC LLC,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:25-cv-01284 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TRIVERS ASSOCIATES, INC.'S MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff Kevin Brown ("Plaintiff") alleges the defendants violated the Fair Housing Amendments Act of 1988 ("FHAA") with respect to the redevelopment of a building located at 1717 Olive Street in Downtown West (the "Property"). The Property was first built and occupied in 1906. *See* Request for Judicial Notice ("RJN") Fact 1. Defendant Trivers Associates, Inc. ("Trivers") was the architect for the redevelopment project, which involved converting the Property from a commercial warehouse building into a 384-unit apartment building. Complaint ¶ 18. That apartment building is now known as The Victor. Complaint ¶ 2. Plaintiff's FHAA claim fails as a matter of law because the design and construction requirements of the FHAA do not apply to the Property as a matter of law. The FHAA's design and construction requirements apply only to buildings designed and constructed for first occupancy after March 13, 1991. The Property was first occupied in 1906, 85 years before the FHAA's design and construction requirements took effect, so those requirements do not apply to the Property.

## II. LAW AND ARGUMENT

### A. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "In analyzing a motion to dismiss, a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014), *quoted in Kale v. Aero Simulation, Inc.*, 139 F.4th 684, 688 (8th Cir. 2025). However, "[c]ourts need not accept as true 'factual assertions that are contradicted by the complaint itself, by documents upon which the pleadings rely, or by facts of which the court may take judicial notice.'" *Williams v. First Nat'l Bank of St. Louis*, No. 4:14CV01458 ERW, 2014 U.S. Dist. LEXIS 157519, at *10 (E.D. Mo. Nov. 7, 2014) (quoting *Perry v. NYSARC, Inc.*, Fed. Appx. 23, 25 (2nd Cir. 2011)), *cited with approval in Patterson v. Centurion Med. Provider*, 2024 U.S. Dist. LEXIS 140266 (E.D. Mo. Aug. 7, 2024). "The district court may take judicial notice of public records and may thus consider them on a motion to dismiss." *Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) (citing *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802-03 (8th Cir. 2002)).

The facts submitted in Trivers' concurrently filed Motion for Judicial Notice, and the supporting public records, plainly demonstrate that the Property was designed and constructed for first occupancy in 1906, 85 years before the FHAA took effect. For this reason alone, Plaintiff's claim should be dismissed as a matter of law.

**B. Plaintiff's Claim Fails as a Matter of Law Because The Property Was Designed and Constructed for First Occupancy Prior to March 13, 1991.**

Plaintiff asserts a singular cause of action against the defendants – violation of the FHAA. Plaintiff alleges Trivers violated the design and constructions requirements in 42 U.S.C. § 3604(f)(3)(C) of the FHAA. Complaint at ¶ 49. This claim fails as a matter of law because the design and construction requirements of the FHAA do not apply to The Victor because it was designed and constructed for first occupancy in 1906 – more than 80 years before those requirements took effect. RFN Facts 1, 2 & 3.

The FHAA makes it "unlawful… [t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of… that buyer or renter." 42 U.S.C.S. § 3604(f)(1)(A). "Discrimination" includes:

> …a failure to design and construct those dwellings in such a manner that—
>
> (i) the public use and common use portions of such dwellings are readily accessible to and usable by handicapped persons;
>
> (ii) all the doors designed to allow passage into and within all premises within such dwellings are sufficiently wide to allow passage by handicapped persons in wheelchairs; and
>
> (iii) all premises within such dwellings contain the following features of adaptive design:
>
> (I) an accessible route into and through the dwelling;
>
> (II) light switches, electrical outlets, thermostats, and other environmental controls in accessible locations;
>
> (III) reinforcements in bathroom walls to allow later installation of grab bars; and
>
> (IV) usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.

42 U.S.C.S. § 3604(f)(3)(C). The sole basis of Plaintiff's claim is that Trivers violated these design and construction requirements with respect to its architectural design of the Property.

However, the FHAA's design and construction requirements apply only to "the design and construction of covered multifamily dwellings for first occupancy ***after the date that is 30 months after the date of enactment of the Fair Housing Amendments Act of 1988*** [enacted Sept. 13, 1988] … ." 42 U.S.C.S. § 3604(f)(3)(C). By the plain language of the FHAA, therefore, the design and construction requirements do not apply to the design and construction of buildings first occupied prior to March 13, 1991.

Plaintiff will argue that this Court must accept as true his allegations that "[t]he Property was designed and constructed for first occupancy after June 2023" (Complaint at ¶ 29) and "all ground-floor units served by elevators not in townhomes ... were built for first occupancy after March 13, 1991" (Complaint at ¶ 49). The Court need not accept either of these allegations as true because those allegations are contradicted by facts of which the Court may take judicial notice. *See, e.g., Williams,* 2014 U.S. Dist. LEXIS 157519, at *10 ("[c]ourts need not accept as true factual assertions that are contradicted by the complaint itself, by documents upon which the pleadings rely, or by facts of which the court may take judicial notice") (internal quotations omitted). The Court can take judicial notice of public records, as well as facts generally known in the area and readily capable of determination from sources beyond dispute. Fed. R. Evid. 201(b) & (c). Trivers has provided multiple public records, and numerous publications from government agencies as well as private corporations that prove beyond a doubt that the Property was designed, constructed, and first occupied in 1906. RJN Facts 1-3. The public records and other publicly available information establish that the Property was designed and constructed for first occupancy in 1906,

so the design and construction requirements set forth in 42 U.S.C.S. § 3604(f)(3)(C) do not apply, and Plaintiff's claims fail as a matter of law.

Plaintiff will also argue the Property was "first occupied" after March 13, 1991 because it was renovated for residential use after that date. Trivers does not dispute that the Property was not occupied for residential purposes until after March 13, 1991, but that fact is of no moment because the plain meaning of the FHAA and the relevant administrative guidance establish that subsequent remodels do not subject properties to the FHAA's design and construction requirements.

**1. The plain meaning of the FHAA demonstrates that the design and construction requirements apply only to buildings that were designed and constructed for first time use or possession after March 13, 1991.**

Plaintiff's FHAA claim fails as a matter of law because the plain meaning of the FHAA demonstrates that the design and construction requirements apply only to buildings first occupied after March 13, 1991, and the Property was first occupied in 1906.

The starting point in interpreting a statute is always the language of the statute itself. *See, e.g.*, *United States v. S.A.*, 129 F.3d 995, 998 (8th Cir. 1997). "The plain meaning of a statute controls, if there is one, regardless of an agency's interpretation." *United States v. Hansl*, 439 F.3d 850, 853 (8th Cir. 2006). "In the absence of an express definition for a term used in a statute, [courts] interpret words as having their ordinary, common meaning." *Id*.

The FHAA does not define "first occupancy", so the Court has to interpret "first" and "occupancy" as having their ordinary, common meaning. The word "first" means "preceding all others in time, order, or importance" or "before another in time, space, or importance." Merriam-Webster. https://www.merriam-webster.com/dictionary/first. Ballentine's Law Dictionary defines "occupancy" as:

> Possession in fact. The use of premises. 29A Am J Rev ed Ins § 895. The taking possession of those things which before belonged to nobody. 42 Am J1st Prop § 34.

> In reference to the rights of an occupying claimant: -- such an occupancy as under the rules of the common law would entitle one to acquire a title by adverse possession, that is actual, open, and peaceable occupancy, but not necessarily occupancy as of one's dwelling place.

BALLENTINE'S LAW DICTIONARY (3d ed. 1969). Similarly, Miram-Webster defines "occupancy" as "the fact or condition of holding, possessing, or residing in or on something." http://merriam-webster.com/dictionary/occupancy.

Thus, the plain meaning of the FHAA is that the design and construction requirements apply only to buildings that were designed and constructed for first time ***use or possession*** after March 13, 1991. The facts subject to judicial notice establish that the Property was designed and constructed for first time use or possession in 1906, so the FHAA's design and construction requirements do not apply to the Property.

**2. Regulatory guidance establishes that "first occupancy" means a building that has never been used for any purpose.**

Even if the plain language of the FHAA is not clear, regulatory guidance demonstrates that "first occupancy" means a building that has never been used for any purpose. The Department of Housing and Urban Development ("HUD") issued a regulation stating "[f]irst occupancy means a building that has never before been used ***<u>for any purpose</u>***." 24 C.F.R. § 100.201 (emphasis added). In the rule making process, HUD clarified in response to comments that this regulation ensured that the conversion of a building from commercial to residential would not affect the applicability of section 3604(f)(3)(C):

> Conflict with Historic Preservation Design Codes
>
> Comment. Two commenters expressed concern about a possible conflict between the Act's accessibility requirements and local historic preservation codes (including compatible design requirements). The commenters stated that ***<u>their particular concerns are: (1) The conversion of warehouse and commercial space to dwelling units</u>***; and (2) new housing construction on vacant lots in historically designated neighborhoods.

> Response. ***Existing facilities that are converted to dwelling units are not subject to the Act's accessibility requirements. Additionally, alteration, rehabilitation or repair of covered multifamily dwellings are not subject to the Act's accessibility requirements. The Act's accessibility requirements only apply to new construction.*** With respect to new construction in neighborhoods subject to historic codes, the Department believes that the Act's accessibility requirements should not conflict with, or preclude building designs compatible with historic preservation codes.

56 FR 9472 (emphasis added).

HUD first promulgated 24 C.F.R. § 100.201 on January 23, 1989. Despite several subsequent amendments to this regulation, HUD's definition of "first occupancy" has never changed. Therefore, to the extent the meaning of "first occupancy" is not clear from the statutory language, HUD's interpretation of that term, issued at around the same time as the FHAA and having remained unchanged, may be useful to the Court in determining the statute's meaning. *See, e.g., Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394, 144 S. Ct. 2244, 2262 (2024) ("[I]nterpretations issued contemporaneously with the statute at issue, and which have remained consistent over time, may be especially useful in determining the statute's meaning.") Indeed, given HUD's consistent position through the years, HUD's pronouncement that "first occupancy" means a building that has never been used for any purpose should be persuasive. *See, e.g., Zimmer Radio of Mid-Missouri, Inc. v. FCC*, 145 F.4th 828, 845 (8th Cir. 2025). ("While consistency of position is not dispositive, an agency's statutory interpretation that is consistent with earlier and later pronouncements' has power to persuade.") (internal quotations and modifications omitted)

To the extent there is any ambiguity in the FHAA as to the meaning of "first occupancy", HUD resolved any such ambiguity right after the statute was enacted, making clear that "first occupancy means a building that has never before been used for any purpose." 56 FR 9472. The

Property was used prior to March 13, 1991, so, in accordance with the plain meaning of the FHAA and HUD's interpretation of the statute, FHAA's design and construction requirements do not apply to the Property as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Trivers Associates, Inc.'s Motion to Dismiss and dismiss Plaintiff's claim with prejudice.

Respectfully submitted,

GOLDBERG SEGALLA, LLP

By: /s/ Joseph Dankert
John M. Allen, #49642MO
Joseph Dankert, #73329MO
8000 Maryland Ave., Ste. 640
St. Louis, MO 63105
P: 314-446-3370 (JMA)
314-446-3375 (JD)
F: 314-446-3360
E: jallen@goldbergsegalla.com
jdankert@goldbergsegalla.com

*Attorneys for Defendant Trivers Associates, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served through the Court's eFiling system and/or by facsimile, hand delivery, electronic mail, or U.S. Mail, postage prepaid, this 3rd day of November, 2025 to all counsel of record.

/s/ Joseph Dankert